**Arthur King and Vlasta King, Plaintiffs-Appellees, v. Department of Public Health, State of Illinois, Defendant-Appellant.**

Gen. No. 10,464.

Third District.

October 11, 1963.

William G. Clark, Attorney General, of Chicago (William C. Wines, Raymond S. Sarnow, A. Zola Groves and Edward A. Berman, Assistant Attorneys General, of counsel), for appellant.

Droste & Droste, of Mt. Olive (Robert L. Droste, of counsel), for appellee.

CARROLL, PRESIDING JUSTICE.

This is a declaratory judgment action brought by the plaintiffs seeking a declaration that certain premises are not subject to "An act for the sanitary control of swimming pools." The Department of Public Health counterclaimed for an injunction restraining the plaintiffs from operating a swimming area on the premises because of alleged violations under the said Act. The trial court found that the premises were

not subject to the Act and denied the injunctive relief sought by the Department. The Department has appealed.

The property in controversy was purchased by the plaintiffs in 1954, and contains an artificial lake created in 1921 by plaintiffs' predecessors in title, a coal company. The lake covers approximately 16 acres and the plaintiffs operated a recreation area on the property. An entrance fee was charged to members of the public to use the grounds for picnicking, fishing, swimming, etc. Sometime in 1954 the plaintiffs requested specifications for operating a swimming pool from the Department of Public Health. One of the plaintiffs testified that the specifications furnished by the Department were examined and found to be exorbitant. As a result, plaintiffs' plan for constructing a swimming pool was abandoned. Plaintiffs did, however, improve one portion of the lake for swimming purposes. The portion improved was a "finger" of the lake, and this was improved by digging out sludge or silt and installing retaining walls on three sides. "The open end" remained connected to the lake proper, and a wooden catwalk was erected over this open end of the channel. This swimming area is rectangular, about 22 feet wide and 100 feet long. Sand was added to provide a smooth bottom. Following completion of these improvements in 1957, plaintiffs continued to admit the public for a fee. The fee entitled visitors to use all of the facilities, including the swimming area, without additional cost. No separate charge was made for those desiring to swim in the improved area or in any other part of the lake. Early in 1961 the Director of the Department of Health notified the plaintiffs that the area had been classified as a "swimming pool" under the Act, and that the plaintiffs were not complying with certain minimum sanitary requirements. Subsequently, the Department ordered

the area closed for swimming and plaintiffs complied. The "Act for the sanitary control of swimming pools" (Ill Rev Stats 1961, c 111½, §§ 84–94) prohibits construction of swimming pools without the approval of the Department of Health, in order to insure compliance with certain minimum sanitary requirements. Section 88 of the Act defines a swimming pool as follows:

> "Swimming pool as used in this Act shall mean an artificial basin of water constructed primarily for the purpose of public swimming and auxiliary structures, including dressing and locker rooms, toilets, showers and other areas and enclosures that are intended for the use of persons using the pool, but shall not include pools and auxiliary structures and equipment at private residences intended only for the use of the owner and friends."

Each side relies upon this definition to sustain its relative position and insists that the court accept its construction on the theory that the construction proposed by the opposite side is absurd. Neither plaintiffs nor defendant have submitted authority which we deem controlling or compelling. We find no disagreement as to the facts, nor as to the commonly accepted definitions of the words contained in the Section under consideration.

The sole question presented to this court is whether, under the evidence, the trial court should be sustained in its determination that plaintiffs' improvement is not subject to the summary police powers provided for in the Act. It is obvious that the plaintiffs' swimming area consists of an artificial basin of water for the purpose of public swimming. It is equally obvious that the plaintiffs improved the area subsequent to the effective date of the Act. It is our opinion, how-

ever, that the controlling factor which exempts the area from the operation of the Act is that the "artificial basin" was not constructed "primarily for the purpose of public swimming." The plaintiffs, in removing some of the silt from the bottom of the improved area, did not create the basin. The basin existed and held water prior to the improvement. The undisputed testimony was that many people had used the area in its prior condition for swimming purposes. It appears that the plaintiffs merely improved the shore line and the bottom of an existing artificial basin which had NOT been constructed primarily for the purpose of public swimming.

If the construction proposed by the Department of Health is accepted, it would serve, in our opinion, to prevent improvements of public swimming areas of the kind owned by plaintiffs. It is not suggested that plaintiffs' "swimming hole" was subject to the Act prior to the silt removal and the installation of the three retaining walls. These improvements seemed desirable from the point of view of safety and cleanliness, and we do not think plaintiffs should be penalized for their efforts, notwithstanding the fact that such efforts may increase their profit.

It should be noted that exempting the kind of swimming area owned by these plaintiffs from the operation of the Act does not serve to impose burdens and penalties upon those clearly within the terms of the Act, while granting benefits and advantages to those not subject thereto. The operation of a public swimming pool under unsanitary conditions might well constitute a nuisance over which the Department of Public Health can exercise its general powers. The narrow question presented here is whether a pool of this kind is subject to the summary police powers specifically granted to the Department by the Act under con-

sideration. In our opinion, such pools are not so subject, and we therefore affirm the judgment below.

Affirmed.

ROETH, J, concurs.

REYNOLDS, J, dissents.